IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Matthew Daniels,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph Arpaio,<br><br>    Defendant. | No. CV-06-30-PHX-EHC (LOA)<br><br>**REPORT AND RECOMMENDATION** |

    This matter arises on the Court's review of the file. Plaintiff commenced this action on January 4, 2006. (document # 1) On March 15, 2006, the Court ordered service on Defendant Arpaio and ordered Plaintiff to file a completed service packet by April 4, 2006. (document # 3) The Court also directed Plaintiff to immediately notify the Court in writing of any change in his address and warned Plaintiff that failure to do so could result in dismissal of this action. (Id.) Local Rule of Civil Procedure 83.3(d) also requires Plaintiff to immediately notify the Court in writing of any change in address.

    On March 20, 2006, the Court received returned mail addressed to Plaintiff marked "undeliverable, released." (document # 5) No alternate address for Plaintiff was found. (Id.) Plaintiff violated the Court's Order and the Local Rules by failing to advise the Court of his new address and by failing to return a completed service packet by the deadline. Accordingly, the Court Ordered Plaintiff to show cause on or before May 3, 2006, why this matter should not be dismissed for failure to comply with Court orders. (document # 6) Plaintiff did not respond to the Court's Order. Rather, on April 21, 2006, the Court again received mail addressed to

1  Plaintiff marked "released, no forwarding address."  (document # 7)  Plaintiff has not provided
2  the Court with his current address leaving the Court with no means to contact Plaintiff regarding
3  this matter.  In view of Plaintiff's continued failure to advise the Court of his current address in
4  violation of Court orders, this matter should be dismissed.  Carey v. King, 856 F.2d 1439, 1441
5  (9th Cir. 1988)(stating that an order imposing sanctions for plaintiff's failure to advise the court
6  of his address was not warranted before dismissing the case because such an order would only
7  take a round trip through the mail.); Arquelles v. Arpaio, No. CV-05-3426-PHX-SMM, 2006
8  WL 687125 (D.Ariz., March 16, 2006) (adopting Report and Recommendation that § 1983
9  complaint should be dismissed based on plaintiff's failure to advise the court of his address.).
10
11       In view of the foregoing,
12       IT IS HEREBY RECOMMENDED that this matter be **DISMISSED** without prejudice
13  for failure to comply with Court orders pursuant to FED.R.CIV.P. 41(b).
14       This recommendation is not an order that is immediately appealable to the Ninth Circuit
15  Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate
16  Procedure, should not be filed until entry of the District Court's judgment.  The parties shall
17  have ten days from the date of service of a copy of this recommendation within which to file
18  specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e),
19  Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a
20  response to the objections. Failure timely to file objections to the Magistrate Judge's Report and
21  Recommendation may result in the acceptance of the Report and Recommendation by the
22  District Court without further review.  *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121
23  (9th Cir. 2003).
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 15th day of May, 2006.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge